IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TAMMY RAE INGRAM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STERLING STUDENT HOUSING MANAGEMENT, LTD.,<br><br>　　　　Defendant. | No. 04-<br><br>EQUITABLE RELIEF SOUGHT |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Title VII Claim)**

Plaintiff, TAMMY RAE INGRAM, by her attorney, Glenn A. Stanko of Rawles, O'Byrne, Stanko & Kepley, P.C., for her complaint against defendant, STERLING STUDENT HOUSING MANAGEMENT, LTD., alleges and states as follows:

JURISDICTION AND VENUE

1.　This is an action brought under §706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5(f)(1)).

2.　Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3), because this is an action to recover damages and to secure equitable relief arising out of an unlawful employment practice and arising under an Act of Congress which provides for the protection of civil rights.

3.　The alleged unlawful employment practice was committed in Champaign County, Illinois, which lies within the Central District of Illinois.

PARTIES

4.　Plaintiff, Tammy Rae Ingram, is, and at all times relevant hereto was, a resident of Champaign County, Illinois.

5.　Defendant, Sterling Student Housing Management, Ltd., is, and at all times relevant hereto was, a foreign limited partnership authorized to do business in the State of Illinois.

6. At all times relevant hereto, defendant was doing business under the trade or assumed name of "Sterling University Management."

7. At all times relevant hereto, defendant provided management services for an apartment housing complex known as "Sterling University Fields Apartments" at 117 Sterling Court, Savoy, Illinois.

8. At all times relevant hereto, plaintiff was employed by defendant.

9. At all times relevant hereto, defendant was an "employer" within the meaning of 42 U.S.C. §2000e(b).

10. At all times relevant hereto, plaintiff was an "employee" within the meaning of 42 U.S.C. §2000e(f).

## STATEMENT OF CLAIMS

11. During the period November 11, 2002 through July 18, 2003, plaintiff was employed by defendant as an assistant manager of leasing at Sterling University Fields Apartments in Savoy, Illinois.

12. In late May 2003, plaintiff's immediate supervisor, Marcia Weber, learned that plaintiff was pregnant.

13. In early June 2003, Marcia Weber and her immediate supervisor, Beth Goodwin, learned that plaintiff was pregnant with twins.

14. On or about July 1, 2003, plaintiff was informed by her immediate supervisor that her position was being "dissolved" and that another employee would be assuming the duties and responsibilities of plaintiff's position.

15. The employee who was to assume the duties and responsibilities of plaintiff's position was a non-pregnant female.

16. Plaintiff was subsequently discharged by defendant on July 18, 2003.

17. Defendant, through its agents, engaged in an unlawful employment practice by discharging plaintiff because of plaintiff's pregnancy and, consequently, because of plaintiff's sex

(female), in violation of §703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-2(a)(1)).

18.     As a direct and proximate result of defendant's unlawful employment practice, plaintiff has lost earnings, for which plaintiff seeks back pay pursuant to 42 U.S.C. §2000e-5(g)(1).

19.     As a direct and proximate result of defendant's unlawful employment practice, plaintiff has lost benefits, for which plaintiff seeks restoration or compensation.

20.     As a direct and proximate result of defendant's unlawful employment practice, plaintiff will lose earnings and benefits in the future, for which plaintiff seeks compensation in the event she is not reinstated to her position.

21.     As a direct and proximate result of defendant's unlawful employment practice, plaintiff has sustained embarrassment, humiliation, and emotional distress, for which plaintiff seeks compensation pursuant to 42 U.S.C. §1981a(1)(b).

22.     Defendant acted with reckless indifference to the federally protected civil rights of plaintiff, thereby justifying the imposition of punitive damages pursuant to 42 U.S.C. §1981a(1)(b).

23.     Plaintiff filed a timely charge alleging sex discrimination with the Equal Employment Opportunity Commission.

24.     On September 15, 2004, the Equal Employment Opportunity Commission issued its notice of right to sue with respect to plaintiff's charge.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, TAMMY RAE INGRAM, prays as follows:

I.      For an order directing defendant to make plaintiff whole by providing appropriate back pay with interest and by restoring or compensating any lost benefits;

II.     For an order directing defendant to reinstate plaintiff, or, in the alternative, for appropriate front pay and compensation for lost benefits;

III.    For such other compensatory damages against the defendant as may be determined by a jury;

IV. For such punitive damages against the defendant as may be determined by a jury;

V. For plaintiff's attorney's fees and costs from the defendant pursuant to 42 U.S.C. §2000e-5(k);

VI. For such other and further relief as the court may deem just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

        TAMMY RAE INGRAM, Plaintiff

        By: Rawles, O'Byrne, Stanko & Kepley, P.C.
          Her Attorneys

        By: s/ Glenn A. Stanko
          Glenn A. Stanko (Bar Number: 2703122)
          Attorney for Plaintiff
          Rawles, O'Byrne, Stanko & Kepley, P.C.
          501 West Church Street
          P.O. Box 800
          Champaign, IL 61824-0800
          Telephone: 217-352-7661
          Facsimile: 217-352-2169
          E-mail: gastanko@rosklaw.com