## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| TAMMY RAE INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04-2279 |
| | ) |
| STERLING STUDENT HOUSING | ) |
| MANAGEMENT, LTD., | ) |
| | ) EQUITABLE RELIEF SOUGHT |
| Defendant. | ) |

_____

### ANSWER AND AFFIRMATIVE DEFENSE OF DEFENDANT, STERLING STUDENT HOUSING MANAGEMENT, LTD.
_____

NOW COMES Defendant, STERLING STUDENT HOUSING MANAGEMENT, LTD., d/b/a STERLING UNIVERSITY MANAGEMENT ("Sterling"), by its attorneys, LIETZ BANNER FORD LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1.      This is an action brought under §706(f)(I) of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5(f)(1)).

**ANSWER**: Defendant admits jurisdiction.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f)(3), because this is an action to recover damages and to secure equitable relief arising out of an unlawful employment practice and arising under an act of Congress which provides for the protection of civil rights.

**ANSWER**: Defendant admits jurisdiction.

3.      The alleged unlawful employment practice was committed in Champaign County, Illinois, which lies within the Central District of Illinois.

**ANSWER**: Defendant denies that an unlawful employment practice occurred, but admits that the relevant facts transpired in Champaign County, Illinois, which lies within the Central District of Illinois.

## PARTIES

4. Plaintiff, Tammy Rae Ingram, is, and at all times relevant hereto was, a resident of Chapaign County, Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

5. Defendant, Sterling Student Housing Management, Ltd., is, and at all times relevant hereto was, a foreign limited partnership authorized to do business in the State of Illinois.

**Answer**: Defendant admits the allegations contained in Paragraph 5.

6. At all times relevant hereto, defendant was doing business under the trade or assumed name of "Sterling University Management."

**ANSWER**: Defendant admits the allegations contained in Paragraph 6.

7. At all times relevant hereto, defendant provided management services for an apartment housing complex known as "Sterling University Fields Apartments" at 117 Sterling Court, Savoy, Illinois.

**ANSWER**: Defendant admits the allegations contained in Paragraph 7.

8. At all times relevant hereto, plaintiff was employed by defendant.

**ANSWER**: Defendant admits the allegations contained in Paragraph 8.

9. At all times relevant hereto, defendant was an "employer" within the meaning of 42 U.S.C. §2000e(b).

**ANSWER**: Defendant admits the allegations contained in Paragraph 9.

10. At all times relevant hereto, plaintiff was an "employee" within the meaning of 42 U.S.C. §2000e(f).

**ANSWER**: Defendant admits the allegations contained in Paragraph 10.

## STATEMENT OF CLAIMS

11. During the period November 11, 2002 through July 18, 2003, plaintiff was employed by defendant as an assistant manager of leasing at Sterling University Fields Apartments in Savoy, Illinois.

**ANSWER**: Defendant admits the allegations contained in Paragraph 11.

12. In late May 2003, plaintiff's immediate supervisor, Marcia Weber, learned that plaintiff was pregnant.

**ANSWER**: Defendant neither admits nor denies the date of "late May 2003", and affirmatively alleges that plaintiff's immediate supervisor, Marcia Weber, learned that plaintiff was pregnant in late April, 2003.

13. In early June 2003, Marcia Weber and her immediate supervisor, Beth Goodwin, learned that plaintiff was pregnant with twins.

**ANSWER**: Defendant admits the allegations contained in Paragraph 13.

14. On or about July 1, 2003, plaintiff was informed by her immediate supervisor that her position was being "dissolved" and that another employee would be assuming the duties and responsibilities of plaintiff's position.

**ANSWER**: Defendant denies the allegations contained in Paragraph 14, and affirmatively asserts that there was not enough work for two full-time office employees, and that the least senior of the two positions then currently held would be laid off.

15. The employee who was to assume the duties and responsibilities of plaintiff's position was a non-pregnant female.

**ANSWER**: Defendant denies the allegations of Paragraph 15, and affirmatively states that a non-pregnant female hired almost a year before Plaintiff remained in her position as bookkeeper and assistant manager; Plaintiff's position was terminated and no one assumed her duties and responsibilities.

16. Plaintiff was subsequently discharged by defendant on July 18, 2003.

**ANSWER**: Defendant admits the allegations of Paragraph 16.

17. Defendant, through its agents, engaged in an unlawful employment practice by discharging plaintiff because of plaintiff's pregnancy and, consequently, because of plaintiff's sex (female), in violation of §703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-2(a)(1)).

**ANSWER**: Defendant denies the allegations contained in Paragraph 17.

18. As a direct and proximate result of defendant's unlawful employment practice, plaintiff has lost earnings, for which plaintiff seeks back pay pursuant to 42 U.S.C. §2000e-5(g)(1).

**ANSWER**: Defendant denies the allegations contained in Paragraph 18.

19. As a direct and proximate result of defendant's unlawful employment practice, plaintiff has lost benefits, for which plaintiff seeks restoration or compensation.

**ANSWER**: Defendant denies the allegations contained in Paragraph 19.

20. As a direct and proximate result of defendant's unlawful employment practice, plaintiff will lose earnings and benefits in the future, for which plaintiff seeks compensation in the event she is not reinstated to her position.

**ANSWER**: Defendant denies the allegations contained in Paragraph 20.

21. As a direct and proximate result of defendant's unlawful employment practice, plaintiff has sustained embarrassment, humiliation, and emotional distress, for which plaintiff seeks compensation pursuant to 42 U.S.C. §1981a(1)(b).

**ANSWER**: Defendant denies the allegations contained in Paragraph 21.

22. Defendant acted with reckless indifference to the federally protected civil rights of plaintiff, thereby justifying the imposition of punitive damages pursuant to 42 U.S.C. §1981a(1)(b).

**ANSWER**: Defendant denies the allegations contained in Paragraph 22.

23.   Plaintiff filed a timely charge alleging sex discrimination with the Equal Employment Opportunity Commission.

**ANSWER**: Defendant neither admits nor denies the allegations of Paragraph 23, and demands strict proof thereof.

24.   On September 15, 2004, the Equal Employment Opportunity Commission issued its notice of right to sue with respect to plaintiff's charge.

**ANSWER**: Defendant neither admits nor denies the allegations of Paragraph 24, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSE**

**NOW COMES** Defendant, STERLING STUDENT HOUSING MANAGEMENT, LTD., d/b/a STERLING UNIVERSITY MANAGEMENT ("Sterling"), by its attorneys, LIETZ BANNER FORD LLP, and for Affirmative Defense, incorporates its Answers to the foregoing allegations of the Complaint as if such Answers were set forth in full herein, and asserts in addition:

1.   Plaintiff's termination occurred at a time when Defendant did not need two full-time office employees. Plaintiff was hired on November 11, 2002. The more experienced and more senior employee, Theresa Olison, was hired on December 14, 2001, approximately one year before the date Plaintiff was hired. In addition, Olison was qualified to fulfill the requirements of the two positions needed, bookkeeper and assistant manager; Plaintiff was not so qualified.

**WHEREFORE**, Defendant, STERLING STUDENT HOUSING MANAGEMENT, LTD., d/b/a STERLING UNIVERSITY MANAGEMENT ("Sterling"), requests that this Court dismiss the entire Complaint filed in this action on the merits, deny the Prayer for reinstatement of the Plaintiff, and deny the Prayer for all damages, including attorney's fees, and grant such appropriate relief as this Court may deem just and proper.

        STERLING STUDENT HOUSING
MANAGEMENT, LTD., d/b/a STERLING
UNIVERSITY MANAGEMENT,

By: Lietz Banner Ford LLP, Its Attorneys


By:   s/Gary Lietz

Gary Lietz (Bar No. 1659774)
Lietz Banner Ford LLP
1605 S. State Street, Ste. 103
Champaign, IL 61820
Telephone: (217) 353-4900
Facsimile: (217) 353-4901
Email: glietz@lbflaw.com

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| TAMMY RAE INGRAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.   04-2279 |
| STERLING STUDENT HOUSING MANAGEMENT, LTD., | ) ) ) ) EQUITABLE RELIEF SOUGHT |
| Defendant. | ) |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Glenn A. Stanko, 501 W. Church Street, P.O. Box 800, Champaign, Il 61824-0800

**PLEASE TAKE NOTICE** that we have filed the attached **ANSWER AND AFFIRMATIVE DEFENSE** on behalf of Defendant **STERLING STUDENT HOUSING MANAGEMENT, LTD.**, with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, a copy of which is herewith served upon you via email transmission to gastanko@rosklaw.com and via regular U.S. Mail Delivery.

Dated this 4TH day of April, 2005.

STERLING STUDENT HOUSING MANAGEMENT, LTD., d/b/a STERLING UNIVERSITY MANAGEMENT,

By: Lietz Banner Ford LLP, Its Attorneys

By:  s/Gary Lietz

Gary Lietz (Bar No. 1659774)
Lietz Banner Ford LLP
1605 S. State Street, Ste. 103
Champaign, IL 61820
Telephone:  (217) 353-4900
Facsimile: (217) 353-4901
Email: glietz@lbflaw.com

7